UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:19-cv-80742-ROSENBERG/REINHART

CHARLOTTE DORCILE,

    Plaintiff,

v.

THE SCHOOL DISTRICT OF PALM
BEACH COUNTY & THE SCHOOL BOARD
OF PALM BEACH COUNTY, FLORIDA,

    Defendants.
_____/

## ORDER DENYING MOTION TO REMAND

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand to State Court. Mot., DE 14. The Motion has been fully briefed. *See* Def. Resp., DE18 *amended at* DE 24; Pl. Reply, DE 26. On Defendant's request, the Court set a hearing on the Motion. *See* DE 30; DE 32. At the hearing, the Court heard oral argument as well as testimony regarding service of process on August 13, 2019. DE 33.

The Defendant School Board removed this action from state court on June 6, 2019, based on Plaintiff's allegations that Defendants violated Title VII in terminating Plaintiff from her position as a school bus driver. *See* Notice of Removal, DE 1; Compl., DE 1-2. On July 8, 2019, Plaintiff timely[1] filed the instant Motion to Remand, which argues that the Notice of Removal was defective for violating the "Rule of Unanimity." Mot., DE 14, 1.

Pursuant to the Rule of Unanimity, "all defendants who have been properly joined and served must join in or consent to the removal of" an action removed under Section 1441(a). 28

---

[1] "A motion to remand the case…must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Thirty days after the filing of the Notice of Removal fell on July 7, 2019. However, because July 7 fell on a Saturday, the time period to file a motion to remand ran until July 8. See Fed. R. Civ. P. 6(a)(1)(C).

U.S.C. § 1446(b)(2)(A); *see also Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001). "If all defendants do not consent to removal, this constitutes a defect in removal procedure under 28 U.S.C. § 1447(c), making removal improper." *Hoar Constr., LLC v. Markel Serv., Inc.*, No. 1:17-CV-24144-KMM, 2018 WL 8260864, at *1 (S.D. Fla. Feb. 21, 2018) (quoting *Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp. 2d 1336, 1338–39 (M.D. Fla. 2003)). "Like all rules governing removal, the unanimity rule must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Id.* (quoting *Stone v. Bank of New York Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015). Nonetheless, there are three recognized exception so the Rule of Unanimity. Specifically, the Rule of Unanimity does not apply if either: "(1) the non-consenting defendants had not been served with process at the time the notice of removal was filed; (2) the unconsenting defendants are nominal or formal defendants; or (3) removal is pursuant to § 1441(c)." *Bradwell v. Silk Greenhouse, Inc.*, 828 F. Supp. 940, 943, n. 2 (M.D. Fla. 1993).

Here, Plaintiff filed her Complaint against both the School District of Palm Beach County (the "School District") and the School Board of the Palm Beach County (the "School Board"). Compl., DE 1-2. The Board filed the Notice of Removal, DE 1, but the District did not join in or consent to that filing. Accordingly, Plaintiff argues that the Notice of Removal was defective, and that the case must be remanded. *See* Mot., DE 14. In response, the Board argues that two exceptions to the Rule of Unanimity apply here – the exception for defendants that have not been served and the exception for nominal defendants. *See* Am. Resp., DE 24.

On the issue of service, the Board argues that service was not properly effectuated on the District at the time of removal. *See id.* Plaintiff however maintains that both the Board and

District were both properly served. *See* Reply, DE 26. In support of this contention, Plaintiff has filed three acknowledgements of service. *See* DE 19; DE 20; DE 21. Most significantly, Plaintiff asserts that the District was served by way of its paralegal, Ms. Lesline Alexander. *See* Am. Return of Service, DE 19. Ms. Alexander testified in person and answered direct questions from the Court. In addition, the process server who filed the Amended Return of Service, DE 19, also testified telephonically and answered direct questions from the Court. After hearing all of the testimony and considering the evidence, the Court concludes that service of process was not properly effectuated on the Defendant District at the time of removal. Specifically, Ms. Alexander testified to her process for intake of all civil summonses served on both the Board and/or the District. She also testified about her process for reviewing summonses that may have been accepted by other employees of her office. Ms. Alexander had a specific recollection of the day on which she was served with the summons in this case as to the *Board*, but maintained that a second summons was not provided as to the *District.* Finally, the Court notes that the Return of Service filed with regard to the District was filed as an *Amended* Return of Service, and the process server could not answer the Court's questions about why the Return would have needed to be amended. Accordingly, the Court finds Ms. Alexander's testimony to be credible, and finds that service had not be properly effectuated on the Defendant District at the time of removal on June 6, 2019.

As a result, the District's failure to consent to the Notice of Removal does not render the Notice defective, because the Rule of Unanimity only requires all defendants who have been *served* to join in the Notice.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Plaintiff's Motion to Remand, DE 14, is **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of August, 2019.

_/s/ Robin L. Rosenberg_
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record